**IT IS ORDERED**

**Date Entered on Docket: February 27, 2020**



_____
**The Honorable David T. Thuma**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW MEXICO

IN RE:

**Roberta M Krueger aka Roberta Krueger aka Bobbie Krueger,**

**Debtor.**                                    **Case No. 19-12816-tl7**

### DEFAULT ORDER GRANTING RELIEF FROM STAY
### OF PERSONAL PROPERTY

This matter came before the Court on the Motion for Relief from Stay and Abandonment of Property filed on January 28, 2020, Docket No. 18 (the "Motion") by Bank of America, N.A. ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a)     On 1/28/2020, Movant served the Motion and notice of the Motion (the "Notice") on counsel of record for Debtor, Roberta M Krueger, and the case trustee, Clarke C. Coll, (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and

NM LBR 9036-1, and on the Debtor and US Trustee by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014;

(b)     The Motion relates to the following personal property:

U 2014 Thor Palazzo 33.2 VIN#4UZAAJDT0DCFK9284 ("Collateral");

(c)     The Notice specified an objection deadline of twenty-one days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

(d)     The Notice was sufficient in form and content;

(e)     The objection deadline expired on February 21, 2020;

(f)     As of February 25, 2020, no objections to the Motion have been filed; and

(g)     The Motion is well taken and should be granted as provided herein.

(h)     By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies under penalty of perjury that on February 25, 2020 McCarthy & Holthus, LLP searched the data banks of the Department of Defense Manpower Data Center ("DMDC") and found that the DMDC does not possess any information indicating that the Debtor is currently on active military duty of the United States.

**IT IS THEREFORE ORDERED:**

1.     Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby granted relief from the automatic stay:

(a)     To enforce their rights in the Property, including repossession of the Collateral, under the terms of any prepetition notes, security agreements, and/or other agreements to which Debtors are parties, to the extent permitted by applicable non-

bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor or the Collateral, or both, in any court of competent jurisdiction; and

(b)     To exercise any other right or remedy available to them under law or equity with respect to the Property.

2.     The Property is hereby abandoned pursuant to 11 U.S.C. §554 and is no longer property of the estate. Creditor shall not be required to name the Trustee as a defendant in any action involving the Property or otherwise give the Trustee further notice.

3.     The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, although the Debtor can be named as a defendant in litigation to obtain an in rem judgment if Debtor is granted a discharge, or to repossess the Collateral in accordance with applicable non-bankruptcy law.  Nothing contained herein shall preclude Creditor or and any and all holders of liens against the Property, from proceeding against the Debtor personally, to collect amounts due, if Debtor's discharge is denied or if Debtor's bankruptcy is dismissed. Movant may file an amended proof of claim in this bankruptcy case, should it claim that Debtor owe any amount.

4.     This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

5.     This Order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

6.     Movant is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with the Debtor.

###END OF ORDER###

**RESPECTFULLY SUBMITTED BY:**


**/s/  Katherine L. McCarthy**
**McCarthy & Holthus, LLP**
**Katherine L. McCarthy, Esq.**
**Attorneys for Movant,**
**6501 Eagle Rock NE, Suite A-3**
**Albuquerque, NM 87113**
**(505) 219-4900**
**/s/ submitted electronically 2/25/2020**
**kamccarthy@mccarthyholthus.com**


Copies to:

**DEBTOR**
Roberta M Krueger
1215 Lackland Ave.
Alamogordo, NM 88310


**DEBTOR(S) COUNSEL**
R Trey Arvizu, III
trey@arvizulaw.com


**CASE TRUSTEE**
Clarke C. Coll
clarkecoll@gmail.com

**US TRUSTEE**
PO Box 608
Albuquerque, NM 87103-0608


**SPECIAL NOTICE**
Daniel Alan Ross
ecfnmb@aldridgepite.com